UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>John Vicencio Vinoya,<br><br>　　　　　　Defendant. | Case No. 18-cr-00603-HSG<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 99, 102 |

Pending before the Court is Defendant John Vicencio Vinoya's motion for compassionate release and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Dkt. No. 102 ("Mot.").[1] For the reasons detailed below, the Court **DENIES** the motion.

I.  **BACKGROUND**

On December 13, 2018, Defendant was charged with online enticement of a minor in violation of 18 U.S.C. § 2422(b). Dkt. No. 1. A superseding information was filed on September 24, 2019, charging Defendant with one count of attempted receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). Dkt. No. 42. The Court sentenced Defendant to 72 months imprisonment and a 20-year term of supervised release. Dkt. No. 78. The Bureau of Prisons has not yet calculated Defendant's anticipated last day of official incarceration because

---

[1] Defendant sent two letters to the Court requesting changes to his sentence. In his first letter, Defendant requests that his sentence be changed to an "alternative suspended sentence," but he does not cite legal authority for his request. *See* Dkt. No. 99. In his second letter, Defendant requests compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 102. With regard to Defendant's first letter, the Court notes that all of the factors that Defendant raises—his lack of a prior criminal record, his work history, his family circumstances, and his psychological evaluation—were taken into consideration by the Court at the time of his sentencing and thus do not support the current request to alter Defendant's sentence. *See* Dkt. No. 74. Accordingly, the Court **DENIES** Defendant's request for an alternative suspended sentence. Dkt. No. 99.

Defendant has not yet been designated to a Bureau of Prisons facility. *See* Dkt. No 104 at 2. However, assuming that Defendant receives credit for the months he has spent in state and federal custody, Defendant has served approximately 35 months of his 72-month custodial sentence. *Id.* Therefore, if not granted early release, Defendant would serve approximately 37 additional months in prison.

On April 9, 2021, Defendant requested a sentence reduction and release under the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. The government filed its opposition to this request on April 22, 2021. *See* Dkt. No. 104.

## II.   LEGAL STANDARD

### A.   Jurisdiction

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, provides that the Court:

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). However, the Court may only do so "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. Full exhaustion requires that a defendant first ask the warden of his or her facility to recommend his or her release. A defendant then must exhaust two additional internal levels of appeal within the agency, or wait the 30 days, whichever is earlier. 28 C.F.R. § 542.15(a). "[Section] 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278 (9th Cir. 2021).

//

//

**B.    Factors**

A court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

## III.    DISCUSSION

**A.    Jurisdiction**

The Government does not contest that the Court has jurisdiction to consider Defendant's motion. Dkt. No. 104 at 3. Defendant is not yet in Bureau of Prisons custody. *Id.* As the Government explains, because Defendant cannot seek a decision from the Bureau of Prisons at this time, he has exhausted his administrative remedies. *See id.*; 18 U.S.C. § 3582(c)(1)(A).

**B.    Extraordinary and Compelling Reasons**

In his motion, Defendant does not argue that extraordinary or compelling reasons exist that would warrant a reduction in his sentence.[2] Mot. The Court also notes that Defendant does not raise any health or COVID-19 related reasons for his request for compassionate release. *Id.* Defendant is 49 years old, and there is nothing in the record before the Court that suggests that he has any extraordinary or compelling health reasons for a reduction of his sentence. *See* Dkt. No. 71 ¶ 74 ("The defendant is healthy, has no history of health problems, and is not currently taking any prescription medication.").

Finally, the Court notes that as part of his plea agreement, Defendant admitted not only to attempted receipt of child pornography, but also to an attempt to "persuade and entice the minor to engage in sexual intercourse" with him. Dkt. No. 46 at 3. Given the nature and circumstances of Defendant's offense, the Court cannot conclude that he would not be a danger if released into the community.

---

[2] As discussed above, the factors listed in Defendant's March 30, 2021 letter were already considered by the Court at the time of sentencing. *See* Dkt. Nos. 74, 99. In several subsequent letters, *see* Dkt. Nos. 103 and 106, Defendant raises arguments related to the effectiveness of his counsel, but those arguments are not relevant for the purposes of Defendant's motion for compassionate release.

3

Accordingly, the Court finds that Defendant has not shown "extraordinary and compelling" reasons warranting his release.[3]  18 U.S.C. § 3582(c)(1)(A)(i).

### C. Section 3553(a) Factors

Defendant has served approximately half of his 72-month sentence.  In imposing this sentence, which was on the lower end of the Guidelines range of 70-87 months and 12 months more than the mandatory minimum sentence, the Court considered the factors listed in 18 U.S.C. § 3553(a).  The Court finds that a further reduction in Defendant's sentence is not warranted under the circumstances presented on this record

## IV. CONCLUSION

Accordingly, the Court **DENIES** the motion for compassionate release and reduction of sentence and **DENIES** Defendant's request for an alternative suspended sentence.

**IT IS SO ORDERED.**

Dated: 7/30/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] In making this finding, the Court takes into account the Ninth Circuit's recent holding that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (internal quotation marks and alterations omitted).  "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*