UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>VINOYA,<br>  Defendant. | Case No. 18-cr-00603-HSG-1<br><br>**ORDER TO SHOW CAUSE; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 119 |

Pending before the Court is a filing by Defendant John Vinoya styled as "asking to the court a petition motion of a writ of habeas corpus 2255." Dkt. No. 119. The Court ordered the government to respond to the motion, which it did. Dkt. No. 122.

The Court first notes, as the government points out, that the motion does not meet the requirements of Habeas Corpus Rule 2(b), which requires the petitioner to both identify the grounds for relief and "state the facts supporting each ground." The petition simply lists potential legal claims, with no factual support ("Claim for Ineffective Assistance of Counsel," "Claim to Object or Challenge (Plea Agreement)," "Claim my Miranda Rights (under Fifth Amendment Constitution)," and "Claim my Rights (under Sixth Amendment Constitution)"). Dkt. No. 119. So at a minimum, the petition would need to be dismissed with leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

But as the government also notes, there is a more fundamental problem: on its face, the petition does not appear to have been timely filed under 28 U.S.C. § 2255(f), which generally requires a petition to be filed within one year of when the judgment becomes final. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000) (explaining that "the one-year limitations

period for a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time for filing the petition expires"). Here, it appears that the one-year limitations period to seek habeas review expired on July 11, 2022, but the earliest Defendant could be deemed to have filed the petition under the mailbox rule is July 15, 2022 (the date on the face of the petition). If this is true, Defendant's claim is time-barred unless there is some legally-sufficient ground for tolling. *See United States v. Battles*, 362 F.3d 1195, 1196-99 (9th Cir. 2004) (describing applicability of equitable and statutory tolling doctrines to § 2255 claims); *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (explaining that federal prisoner who files late petition may be entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); 28 U.S.C. § 2255(f) (listing specific circumstances under which running of statute of limitations will begin later than the date on which the judgment of conviction becomes final).

Accordingly, the Court **ORDERS** Defendant Vinoya to **SHOW CAUSE** why the petition should not be dismissed as untimely. Defendant bears the burden of establishing that equitable tolling is appropriate, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), or explaining why the petition was otherwise timely under 28 U.S.C. § 2255. Defendant must present detailed facts supporting his claim that the petition is timely. Defendant must file his response to this order to show cause by **November 30, 2022.**

Defendant also requests appointment of counsel. Dkt. No. 119. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically

2

impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Here, justice does not require the appointment of counsel. Defendant has personal knowledge of any relevant facts going to the threshold timeliness issue, and that issue is not complex. The Court thus denies Defendant's request for appointment of counsel, without prejudice to *sua sponte* reconsideration if the Court finds appointment to be warranted later.

**IT IS SO ORDERED.**

Dated:   10/28/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3